**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | CRIMINAL ACTION |
| CALVIN ROEDER | | NO.  18-259 |

## MEMORANDUM OPINION

Petitioner Calvin Roeder moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19 in conjunction with his pre-existing health issues.  For the reasons that follow, his motion will be denied.

## I.     BACKGROUND

On March 28, 2019, Calvin Roeder pled guilty to two counts of distribution of child pornography, in violation of 18 US.C. § 2252(a)(2), and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B).  For these crimes, Roeder was sentenced to 78 months in prison, 15 years of supervised release and a $300 special assessment.  He entered into the custody of the Bureau of Prisons on July 6, 2020 and is currently serving his sentence at the Federal Correctional Institution located in Danbury, Connecticut. ("FCI Danbury").

In his petition, Roeder represents that he has several ailments which make him more susceptible to suffering serious implications if he contracted COVID-19; his ailments include "a significant history of smoking," sleep apnea, obesity as his body mass index is 30.3, short bowel syndrome, and lung scarring.  He further claims that there are institutional shortcomings at FCI Danbury which put him at greater risk of contracting COVID-19 and more virulent variants like the Delta and Omicron strains and leave him at greater risk of serious health implications and death.  In support of this, Roeder points to the fact that in the early months of the pandemic, FCI

Danbury was placed under a temporary restraining order due to a significant outbreak of COVID-19 cases among inmates and staff, *see Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411 (D. Conn. May 12, 2020), and its failure to comply with the then-Attorney General's, William Barr's, instruction to the Bureau of Prisons ("BOP") to maximize transfers from prisons to home confinement.  *See* Memorandum from Atty Gen. William Barr to the Director of the Bureau of Prisons on the "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic" (Mar. 26, 2020), *available at* https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf; *Martinez-Brooks*, 459 F. Supp. at 425.[1]

Roeder describes his living conditions as "dormitory-style" housing, in which he shares one room with upwards of eight-two men who sleep on bunk beds which are spaced four-feet apart.  Because of these conditions, Roeder states there is no way to practice social distancing, as is recommended to avoid COVID-19 infection.

Roeder requested compassionate release from the warden of FCI Danbury on or about January 19, 2022 but received no response to his request.  On March 8, 2022, Roeder filed the instant Motion and requested that his sentence be reduced to time served.

## II.    DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons."  *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18

---

[1] Roeder also cites to a letter from January 2021 from U.S. Senators Chris Murphy and Richard Blumenthal and U.S. Representative Jahana Hayes regarding their concerns about a gas leak and COVID-19 safety practices at FCI Danbury.  *See Murphy, Blumenthal, Hayes Demand Answers After Dangerous Gas Leaks at Danbury Federal Prison*, Sen. Chris Murphy (Jan. 8, 2021) https://www.murphy.senate.gov/newsroom/press-releases/murphy-blumenthal-hayes-demand-answers-after-dangerous-gas-leaks-at-danbury-federal-prison.

U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term

of imprisonment. . . .").  Specifically, provided the defendant has exhausted his administrative

remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after

considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are

applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a

reduction . . . and that such reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's

applicable policy statement essentially mirrors this language, adding that a sentence reduction

may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(1)(A)(2).

Here, Roeder has exhausted his administrative remedies by unsuccessfully seeking

compassionate relief from the warden of FCI Danbury,[2] and his motion is therefore ripe for

consideration.  His sentence may therefore be reduced if: (1) extraordinary and compelling

circumstances warrant such a reduction; (2) he is not a danger to the safety of another person or

to the community; and, (3) release is appropriate in consideration the relevant factors set forth in

Section 3553(a).

### A.  Extraordinary and Compelling Circumstances

While Section 3582 does not define "extraordinary and compelling" circumstances that

warrant relief, the Sentencing Commission's policy statement elaborates on the term in an

application note.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D).  According to U.S.S.G. § 1B1.13, a

defendant's serious physical or medical condition is "extraordinary and compelling" if it

"substantially diminishes [defendant's ability] to provide self-care within the environment of a

---

[2] *See* 18 U.S.C § 3582(c)(1)(A) (explaining that a defendant may bring a motion for compassionate release pursuant
to this Act after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility).

correctional facility and from which he . . . is not expected to recover." *Id.*  It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

Roeder claims to suffer from several underlying medical conditions that substantially diminish his ability to provide self-care while incarcerated during the COVID-19 pandemic.  He claims that his body mass index is 30.3 which falls under the Center for Disease Control's ("CDC's") definition of obese.  *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021); *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information on a government website).  The CDC has also identified being a current or former smoker as an underlying medical condition that place a person at an increased risk of severe illness in the event of a COVID-19 infection.  *See id.*

During the COVID-19 pandemic, Roeder's medical conditions present a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13.  Roeder has therefore demonstrated a basis for compassionate release.

### B.  Section 3553(a) Factors

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a) [3] to the extent that they are applicable[.]"  18 U.S.C. § 3582(c)(1)(A).  In consideration

---

[3] Section 3553(a) directs a sentencing court to consider, as relevant here:

      (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
      (2) the need for the sentence imposed—

of the relevant factors under Section 3553(a), in particular the seriousness of Roeder's offense and the time remaining on his sentence, his request for compassionate release will be denied.[4]

Section 3553(a) directs the court to consider the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant. Possession and distribution of child pornography, the offenses for which Roeder is incarcerated, are unquestionably serious as they "harm[] and debase[] the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008).  Release after serving less than a third of his sentence does not reflect the serious nature of child pornography crimes and would fail to deter such conduct.  *See United States v. Daniels*, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (finding that "compassionate release at this stage . . . would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense" where inmate suffered from obesity, but has served less than half of 180-month sentence as an armed career criminal).

Section 3553(a) also directs the court to consider the relevant characteristics of the defendant—here, his health concerns—and the need to provide for medical care in the most effective manner.  *See* 18 U.S.C. § 3553(a)(2)(D).  Neither of these factors weigh in favor of compassionate release.  While Roeder's obesity and history of smoking places him at a general

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[4] Because the Court finds release incompatible with the Section 3553(a) factors, there is no need to address whether Roeder poses a danger to the safety of another person or the community as provided in 18 U.S.C. § 3142(g).

increased risk in the event of a COVID-19 infection, Roeder has neither alleged nor demonstrated that FCI Danbury is unable to provide him with medical care for his health concerns or protect against the risk of infection; he only alleges that there are infirmities within the prison which presented issues in 2020 and early 2021.  Nothing in his Motion indicates that these issues persist to this day.  Indeed, FCI Danbury currently has no positive cases among its staff or its inmates.  *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/; *Vanderklok*, 868 F.3d at 205 n.16 (noting that a court may take judicial notice of information on a government website).  Where, as here, a petitioner relies on "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone" compassionate release cannot be independently justified.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  Indeed, "[m]ost, though not all, of the cases where compassionate release has been granted also involved some showing that COVID-19 is actually present, usually to a significant degree, in the facility where the prisoner is incarcerated."  *United States v. Somerville*, 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020).  In short, Roeder is receiving adequate medical care for his health concerns and has not demonstrated a significant increased risk of COVID-19 infection at his facility.  *See United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low or even at zero. . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

For the reasons set forth above, Roeder's motion will be denied.

An appropriate order follows.

**BY THE COURT:**


*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**